# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | 1:21-CR-00138-ELR-LTW |
| | * | |
| STEPHEN ARNOUX, | * | |
| | * | |
| Defendant. | * | |
| | * | |

_____

**O R D E R**

_____

This matter is before the Court for consideration of Magistrate Judge Linda T. Walker's Final Report and Recommendation ("R&R") [Doc. 27]. By the instant R&R, Magistrate Judge Walker recommends that the undersigned grant in part and deny in part Defendant Stephen Arnoux's Motion to Suppress Evidence and Statements [Docs. 15, 22]. See R&R at 23. In the time period allotted for the Parties to object to the R&R, Defendant, by and through counsel, filed an objection. [Doc. 29]. The Government also timely filed objections. [Doc. 30]. For the following reasons, the Court **ADOPTS IN PART** and **REJECTS IN PART** the R&R; **OVERRULES** Defendant's objection; and **OVERRULES IN PART** and **SUSTAINS IN PART** the Government's objections.

**I.      Standard of Review**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." See 28 U.S.C. § 636(b)(1)(C). The Court reviews portions of the R&R to which no objections have been made for clear error. See Thomas v. Arn, 474 U.S. 140, 154 (1985); see also Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006). A party objecting to an R&R "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." See United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). If there are no specific objections made to the proposed factual findings of the Magistrate Judge, there is no requirement that the district court review those findings *de novo*. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

However, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1); see also Fed. R. Crim. P. 59(b)(3). In accordance with 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Criminal Procedure 59, the Court has conducted a *de novo* review of those portions of the R&R to which the Defendant objects and has reviewed the remainder of the R&R for clear error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

**II.     Discussion**

    **A.     Defendant's Objection [Doc. 29]**

The Magistrate Judge's R&R recommends that the Court grant in part and deny in part Defendant's Motion to Suppress Evidence and Statements [Docs. 15, 22]. See R&R at 23. Specifically, the Magistrate Judge recommends that the undersigned deny Defendant's motion to the extent Defendant challenges the search of his vehicle. See id. However, the Magistrate Judge recommends that the undersigned grant Defendant's motion to the extent he seeks suppression of certain statements obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1966). See id.

Defendant objects to the Magistrate Judge's finding that Detective Justice Bailey (or "the Officer") had probable cause to search Defendant's car. [See Doc. 29 at 2]. In making this objection, Defendant argues that several discrepancies exist between the Officer's testimony at the hearing on the motion to suppress and the video footage captured on the Officer's body camera. [See id.] However, these so-called discrepancies boil down to two (2) issues raised by Defendant: (1) at what point the Officer first noticed the smell of marijuana; and (2) whether the Officer identified the source of that smell, i.e., whether the smell emanated from Defendant's car or wallet. [See id. at 2–4].

3

The Court finds Defendant's arguments on both issues to be unavailing. First, Defendant relies heavily on the body camera footage to attempt to establish the precise point when the Officer noticed the smell of marijuana. [See id. at 3–4]. But just because the Officer did not announce to Defendant his observation of smelling marijuana as he approached Defendant's car does not mean the Officer had not made that observation. Nothing required the Officer to state to Defendant (or on the body camera footage) the exact point at which he noticed the smell of marijuana.

Second, whether the Officer noticed the smell of marijuana coming from Defendant's car or Defendant's wallet (that had only seconds earlier been removed from the car) would not necessarily affect the Officer's conclusion—based on his prior training and experience—that marijuana had recently been present in Defendant's car. This is especially true when considering the totality of the circumstances, which, as the Magistrate Judge found, included that Defendant fled from police during an attempted traffic stop, Defendant's wallet smelled of raw marijuana but did not contain any raw marijuana, and Defendant's vehicle smelled of a spray commonly used to mask the smell of marijuana. See R&R at 8–9.

The Court finds that the Magistrate Judge reaches the correct determination that based on the totality of the circumstances known to the Officer at the time he decided to search Defendant's vehicle, there was "a fair probability that contraband or evidence of a crime [would] be found in the vehicle," and thus, the Officer had

probable cause to search Defendant's vehicle. See id. at 9. Therefore, the Court overrules Defendant's objection. [Doc. 29].

### B.     Government's Objections [Doc. 30]

Next, the Court addresses the Government's objections. The Government first objects to the Magistrate Judge's finding that *any* of Defendant's statements are due to be suppressed. [See Doc. 30 at 2] (emphasis added). The Government makes this argument based on its position that Defendant failed to meet his burden to specifically allege what statements he sought to suppress. [See id.] The Government is correct that Defendant does not point the Court to specific statements. However, as the Magistrate Judge correctly reasons, the Government also falls short by failing to "adequately explain what statements it might seek to admit at trial." R&R at 20. The Government bears the burden of establishing that Defendant's statements were "voluntary." See United States v. Lall, 607 F.3d 1277, 1285 (11th Cir. 2010) ("The burden is on the prosecution to establish, by a preponderance of the evidence, that a challenged confession was voluntary."). Thus, the undersigned agrees with the

Magistrate Judge's sentiment that both sides have made the Court's job much more difficult than necessary.[1]

Contrary to the Government's position, at least some of Defendant's statements are due to be suppressed because—although made voluntarily—they were made in response to the Officer's statements that were intended to illicit incriminating information from Defendant after he was in custody. One such example is the Officer's statement to Defendant that, "I got your gun[,]" to which Defendant replied, "Exactly." [See Doc. 30 at 11]. The Officer went on to ask Defendant if the gun was stolen and where Defendant "g[ot] it from." [See id. at 12]. Based on the timing of the Officer's statement and his additional conversation with Defendant—which only occurred after the Officer had confirmed Defendant was a convicted felon, and thus prohibited from having a firearm—the undersigned agrees with the Magistrate Judge that the Officer's initial statement, "I got your gun[,]" was more than a routine effort to take inventory of items found in Defendant's car. See R&R at 21. Instead, the Court finds that the Officer's statement was intended to illicit a custodial response from Defendant that went

---

[1] The lack of specificity by both Parties regarding which of Defendant's statements are at issue has made it extremely difficult for the Court to give clear rulings on the admissibility of Defendant's statements. This is especially true considering the amount of conversation that occurred between the Officer and Defendant throughout the underlying incident. Rather than attempting to identify each statement made by Defendant and ruling on whether each is protected by Miranda, the Court has attempted to rule on the specific objections made by the Parties, including at what point Defendant was in custody, and whether the few statements identified with specificity in the Parties' pleadings are protected by Miranda.

toward ownership of the gun. See United States v. Glen-Archila, 677 F.2d 809, 816 n.18 (11th Cir. 1982) (internal citation omitted) (instructing that "[e]ven questions that usually are routine must be proceeded by Miranda warnings if they are intended to produce answers that are incriminating"). Therefore, the Court overrules the Government's first objection.

The Government next objects to the Magistrate Judge's suppression of Defendant's statement, "It's legal!" immediately after the Officer located the firearm in Defendant's car. [See Doc. 30 at 4–10]. Defendant made this statement spontaneously only after the Officer said "So that's what you were stuffing on me. That's what you're stuffing, huh." [See id. at 10]. Also, the statement was made before the Officer had confirmed Defendant's status as a felon. [See id. at 11]. Because Defendant made this statement spontaneously and not in response to any officer interrogation or officer statement intended to illicit incriminating responses, the only way this statement's admission would violate Miranda is if Defendant was already in custody when he made the statement.

In the R&R, the Magistrate Judge reasons that Defendant was in custody because the Officer had essentially threatened to "make an example" of Defendant for continuing to drive for several miles and failing to pull over during a traffic stop. See R&R at 18–19. The Magistrate Judge is correct that threatening to make an example of someone could be construed as pressure that makes one believe

7

compliance with an officer's directives could be compelled. See id. at 19 (citing United States v. Long, 866 F.2d 402, 405 (11th Cir. 1989)).  However, as the Government points out, shortly after this, the Officer expressly told Defendant that he would only be issued "a couple of citations[,]" and Defendant responded in a way that indicated he understood he was not being arrested and thus was not in custody. [See Doc. 30 at 10] (citing Gov. Ex. 1 "Bailey Body Cam" 10:20–10:28).  It was only later, after the Officer located a firearm in Defendant's car, pursuant to the legal search, that circumstances surrounding Defendant's custodial status changed.  Thus, the undersigned rejects the Magistrate Judge's finding that Defendant was in custody at the time of the Officer's statement regarding making an example of him, and instead finds that Defendant was not in custody until after the Officer found the firearm in Defendant's car and made it clear that he was under arrest.  See R&R at 19.  Therefore, the Court sustains the Government's objection on this issue.

The Government also objects to the Magistrate Judge's finding that the Officer's statement, "Alright, so I got your wallet and then I got your gun," was intended to produce an incriminating answer. [Doc. 30 at 11–12].  As the Court has already held in its discussion of the Government's first objection, see supra at 6–7, statements must be proceeded by Miranda warnings if they are intended to produce answers that are incriminating.  Because the Officer's statement here was intended to illicit information from Defendant regarding ownership of the gun located in

8

Defendant's car, it must be suppressed. See Glen-Archila, 677 F.2d at 816 n.18 (internal citation omitted). Thus, the Court overrules the Government's third objection.

Finally, the Government objects to the Magistrate Judge's finding that Defendant's alleged attempts to bribe the Officer with money the Officer had already seized from Defendant do not count as bribery. [See Doc. 30 at 13–16]. The Government argues that Defendant's statements such as, "you could of took everything in my . . . pocket," amount to attempted bribery of an officer, which is a deliberate attempt to commit a separate crime and thus not protected by Miranda. [See id. at 15–16]. Although not determinative, it is worth noting that Defendant has not been charged with bribery. The Magistrate Judge correctly found that Defendant's intentions here were unclear. See R&R at 22. Additionally, the probative value of this evidence is substantially outweighed by a danger of "confusing the issues" in that jurors are likely to be confused by hearing about another crime allegedly committed by Defendant for which he has not been charged in this case. See FED. R. EVID. 403. Therefore, the Court overrules the Government's final objection.[2]

---

[2] In light of the Court's rulings herein, the Court denies Defendant's renewed request for oral argument. [See Doc. 29 at 1].

### III. Conclusion

The undersigned has conducted a *de novo* review of those portions of the R&R to which Defendant and the Government object and reviewed the remainder of the R&R for plain error. Accordingly, the Court **ADOPTS IN PART** and **REJECTS IN PART** the R&R [Doc. 27]; **OVERRULES** Defendant's objection [Doc. 29]; and **OVERRULES IN PART** and **SUSTAINS IN PART** the Government's objections as set forth above. [Doc. 30].

Defendant currently is scheduled for trial before the undersigned, to begin October 3, 2022. [Doc. 40]. However, the Court will cancel that setting and reschedule the trial in a separate order.

**SO ORDERED**, this 24th day of August, 2022.

_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia